# IN THE COURT OF APPEALS OF IOWA

No. 24-0762
Filed April 9, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID EDWARD WETZEL JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows,

Judge.

        A defendant appeals his conviction following his guilty plea. **APPEAL**

**DISMISSED.**

        Katherine R.J. Scott of New Point Law Firm, PLC, Ames, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

        Considered without oral argument by Tabor, C.J., and Schumacher and

Chicchelly, JJ.

**SCHUMACHER, Judge.**

In August 2023, the State charged David Wetzel via trial information with first-degree arson as a habitual offender. Wetzel entered a written guilty plea in 2024 to a lesser-included offense of reckless use of fire or explosives in violation of Iowa Code section 712.5 (2023), a serious misdemeanor. The State and Wetzel jointly recommended a sentence of "365 days in jail with 110 days suspended and with credit for time already served" plus specific monetary penalties, a two-year unsupervised probation period, and a five-year no-contact order with the victim. The district court accepted the plea and imposed the agreed-upon sentence.

Wetzel appeals, arguing his plea was not voluntary, knowing, and intelligent.[1] Wetzel claims his plea agreement was defective because his written plea agreement did not adequately recite the following information: the elements of the offense, the collateral and immigration consequences of entering a guilty plea, or his right to appeal.

We address whether we have jurisdiction to hear Wetzel's appeal. Jurisdiction to hear an appeal after a defendant has pled guilty is governed by Iowa Code section 814.6. A defendant who pleads guilty to a charge other than a class "A" felony does not have a statutory right to appeal unless the defendant can establish good cause. Iowa Code § 814.6(1)(a)(3). A defendant can establish good cause by challenging the sentence and not the plea itself. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). But good cause to challenge a sentence is generally limited to a sentence that is neither mandatory nor agreed to as part of

---

[1] Our supreme court granted Wetzel a delayed appeal on June 3, 2024.

a plea agreement. *Id.*; *see also State v. Estabrook*, No. 22-1118, 2023 WL 2671954, at *1 (Iowa Ct. App. Mar. 29, 2023) (dismissing appeal challenging sentence when the defendant received the agreed-upon sentence).

And generally, alleged plea defects are unreviewable "on direct appeal where—as here—the defendant did not timely file a motion in arrest of judgment in the district court." *State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024). "[A] defendant who wishes to challenge a guilty plea on appeal must first raise the challenge in the district court by filing a timely motion in arrest of judgment." *Id.* at 535; Iowa R. Crim. P. 24(3)(a). Failure to do so "usually precludes appellate review of alleged plea defects." *Hightower*, 8 N.W.3d at 535. But appellate review is barred if

> the defendant was advised "during the plea proceedings, as required by [Iowa Rule of Criminal Procedure] 2.8(2)(d), that challenges to the plea must be made in a motion in arrest of judgment and that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal."

*Id.* (quoting *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016)). "If this warning is not included in the advisory, the defendant's failure to timely file a motion will not preclude a plea challenge on appeal." *Id.* at 536.

Wetzel concedes he failed to move in arrest of judgment but argues that his written guilty plea failed to adequately provide the rule 2.8(2)(d) warning. Based on this argument, Wetzel asserts we have jurisdiction to hear his appeal and asks this court to vacate his plea and remand for further proceedings. But Wetzel provides no legal authority to support his unstated presumption that a challenge to the adequacy of a rule 2.8(2)(d) warning inherently establishes appellate

jurisdiction. *See* Iowa R. App. P. 6.903(2)(a)(8)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

The language used in the written plea form Wetzel signed is nearly identical to the advisory contained in the written plea form the court found insufficient in *Hightower. See* 8 N.W.3d at 535. But in *Hightower*, the defendant did not request or receive immediate sentencing. *See id.* at 535–36. Nor was there an agreed upon sentence adopted by the court.

Here, Wetzel requested and received immediate sentencing. He received the sentence agreed to in the plea agreement. The State asserts that as Wetzel requested immediate sentencing, he waived his right to file a motion in arrest of judgment. *See State v. Evans*, No. 23-0558, 2024 WL 4039571, at *1 (Iowa Ct. App. Sept. 4, 2024). Thus, the State asserts that his failure to move in arrest of judgment precludes appellate relief. *See* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

But whether the State is correct or not, Wetzel's guilty-plea challenge fails for another reason. He has made no claim that he "more likely than not would not have pled guilty if the defect had not occurred," as required by Iowa Code section 814.29. Thus, we lack authority to vacate his guilty plea. *State v. Willey*, No. 24-0887, 2025 WL 855733, at *2 (Iowa Ct. App. Mar. 19, 2025).

Because Wetzel has not established good cause, we dismiss his appeal.

**APPEAL DISMISSED.**